**NL CHEMICALS, INC., Plaintiff,**

v.

**SOUTHERN CLAY PRODUCTS, INC. and E.C.C. America Inc., Defendants.**

**Civ. A. No. 88–2620.**

United States District Court, District of Columbia.

Jan. 27, 1989.

L. Peter Farkas, Thomas J. Morgan, Lyon & Lyon, Washington, D.C., Stefan J. Klauber, Klauber & Jackson, Hackensack, N.J., for plaintiff.

Steuart H. Thomsen, Sutherland, Asbill & Brennan, Washington, D.C., C. Christopher Hagy, Sutherland, Asbill & Brennan, Atlanta, Ga., for defendants.

ORDER

JOYCE HENS GREEN, District Judge.

A brief, though non-exhaustive, background illustrates the parties' positions in this action brought under 35 U.S.C. § 291 for judgment of invalidity of claims of adverse interfering patent.

Plaintiff NL Chemicals, Inc. ("NL") is the owner of U.S. Patent No. 4,695,402 ("402 Patent"), issued on September 27, 1988, on an invention entitled Organophilic Clay Gellants and Process for Preparation. Complaint, Ex. A. NL filed its application for the 402 Patent on August 20, 1985. Defendant E.C.C. America ("ECCA") is the owner of U.S. Patent No. 4,664,842 ("842 Patent"), issued on May 12, 1987, on an application which was a continuation-in-part of an application filed on October 3, 1980 by its predecessor and wholly-owned subsidiary Southern Clay Products, Inc. ("Southern"). The invention which is the basis for the 842 Patent is entitled Process for Manufacturing Organoclays Having Enhanced Gelling Properties. Complaint, Ex. B. The 402 and 842 Patents contain interfering claims, i.e., they claim common subject matter.[1]

Prior to the issuance of the 842 Patent, ECCA filed two continuation-in-part applications claiming priority from the same date, October 3, 1980, as is claimed in the application which became the 842 Patent.

---

1. Although the parties are in dispute as to the extent to which the claims interfere, they agree that claims 33 and 38 of the 402 Patent and claim 1 of the 842 Patent claim common subject matter. *See* Complaint, ¶ 9; Answer, ¶ 9, 18; Plaintiff's Answer and Affirmative Defenses to Defendants' Counterclaims and Jury Demand, ¶ 18.

Declaration of Stefan J. Klauber ("Klauber Aff."), ¶ 3. The first, Serial No. 219,831, was filed on February 10, 1986, and refiled as a continuation on July 7, 1988. *Id.* Ex. A. The second, Serial No. 048,033, was filed on May 11, 1987. *Id.* Ex. B. These two applications are still pending.

Representatives of ECCA and NL met in July, 1988 to discuss the possible conflict between the 402 and 842 Patents, tried to resolve the matter informally, but never reached an agreement as to how to handle the situation. *See* Declaration of William Windle, Vice President for Planning and Business Development of ECCA, ¶¶ 3–5.

On September 8, 1988, ECCA filed two petitions with the Patent and Trademark Office ("PTO") for declarations of interferences between its two pending applications and NL's 402 Patent. *Id.* Ex. C, D. Eight days later, NL filed the instant "Complaint Under 35 U.S.C. § 291 for Judgment of Invalidity of Claims of Adverse Interfering Patent", seeking a judgment declaring that the 842 Patent and each and every one of the claims thereof are invalid and void. Defendants filed their answer on November 10, 1988, and asserted a counterclaim against plaintiff, requesting a judgment declaring that the 402 Patent is invalid and void.

Defendants now move to temporarily stay the proceedings in this case for a period of at most 90 days to allow determination of the advisability of staying or dismissing the entire proceeding pending resolution of the prior Patent and Trademark Office interference proceedings which they claim involve the identical central issues in this suit. In the alternative, defendants seek an Order provisionally limiting discovery to issues of plaintiff's alleged priority of inventorship, on the grounds that it is a preliminary issue which, if resolved early, will moot the vast bulk of the case. For the reasons set forth below, defendants motion for a temporary stay shall be granted.

A court has inherent power to stay proceedings in control of its docket.

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy and time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254–255, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). In the exercise of sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and issues are the same. *See American Life Insurance Co. v. Stewart*, 300 U.S. 203, 215, 57 S.Ct. 377, 380, 81 L.Ed. 605 (1937).

Defendants maintain that all issues which the parties have raised in the pleadings up to this point will be determined by the Patent and Trademark Office in the previously filed interference proceedings. The central issue in the Patent Office proceeding is that of priority of invention between the ECCA's pending applications and NL's patent, which is determined by a board of patent interferences consisting of three examiners. *See* 35 U.S.C. § 135. In support of their motion for a stay, defendants also claim that this proceeding is duplicative of the Patent Office interference proceedings, and therefore presents an unwarranted burden of time and expense upon the parties and the Court.

Plaintiff, on the other hand, contends the Patent Office interference proceeding cannot grant them the relief they seek in this forum. They sum up their concerns at page 12 of their supporting memorandum:

> In sum, the PTO interference proceeding defendants seek as an alternative to the instant § 291 Act is unacceptable to NL because the PTO proceeding could not determine the validity of the Knudson patent, could not consider misuse and unclean hands issues, would deprive NL of due process equivalent to district court proceedings, would deprive NL of the ability to present live testimony and cross-examine defendants' witnesses before the finder of fact, and would deprive NL of trial by jury.

Defendants vigorously contest this assertion, maintaining that "there are serious doubts as to whether plaintiff can demonstrate a sufficient case or controversy to justify continuance of this suit." Memorandum of Points and Authorities on Defendants' Motions for Stays ("Memo. in Support"), at 2. According to defendants, NL has not shown that it is presently suffering, nor would continue to suffer, any harm if this proceeding is stayed: ECCA has not accused NL of infringing ECCA's patent, NL has not alleged that it is using or intends to use the process which is the subject of the ECCA patent, NL has not alleged any loss of licensing revenue due to the existence of ECCA's patent, and NL has not alleged any damage whatsoever resulting from the existence of the ECCA patent. *See* Defendants' Reply Memo in Support of Defendants' Motions for a Stay of Proceedings or, in the Alternative, a Partial Stay of Discovery ("Reply"), at 4–5.

Defendants further contend that should the Patent Office conclude that priority exists in NL, then the ECCA patent would be invalid as a matter of law without need of a judicial declaration of such. Should the Patent Office conclude that priority exists in ECCA, the NL can either appeal the determination to the Court of Appeals for the Federal Circuit for review on the record, or seek review in this Court in a *de novo* proceeding. 35 U.S.C. § 146.

The defendants' arguments appearing persuasive, at least for the temporary stay they seek initially, it is hereby

ORDERED that the proceedings in this Court are now stayed through March 27, 1989.[2] It is

FURTHER ORDERED that on or before March 31, 1989, defendants shall either withdraw their request for a stay or file a motion to stay, or dismiss, the entire proceeding, pending resolution of the Patent and Trademark Office interference proceedings involving ECCA's continuation-in-part applications, designated as Serial Nos. 219,831 and 048,033, and U.S. Patent No.

4,695,402. Plaintiff shall file its opposition to defendants' motion on or before April 18, 1989. Defendants shall file their reply, if any, by April 25, 1989. No oral argument is anticipated.

IT IS SO ORDERED.

---

**2.** In view of this ruling, the Court finds it unnecessary, *at this time,* to address other direct and inferred arguments of counsel, as for example, the availability of a jury trial in this case and whether this case should be transferred for the convenience of the parties and witnesses.